UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JENNIFER E. DIVIDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:05-cv-74 |
| | ) | |
| v. | ) | Hon. Robert Holmes Bell |
| | ) | |
| KCAD-FSU, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

This purports to be a civil rights action brought *pro se* by Jennifer Dividock, on her own behalf and as a representative of Ms. Heidi Maylee Swaney. Part of Ms. Dividock's complaint is set forth on this court's form to be used by Title VII plaintiffs in employment actions. In the form complaint and the voluminous attachments, however, plaintiff cites hundreds of federal statutes, many of them criminal. The complaint names over 100 defendants, including all Michigan Supreme Court justices, all Michigan senators, the President of the United States, Senators Carl Levin, Hilary Rodham Clinton, and Bob Graham, and the past and president governors of the State of Michigan. To the extent that it is intelligible, the complaint arises from plaintiff's time as a student at Kendall College of Art & Design (KCAD-FSU), a component of defendant Ferris State University, between 1995 and 1998.

Presently pending before the court are motions to dismiss by defendant State of Michigan (docket # 3), defendants James K. Haveman, Gary Williams, Jan Vonk, Sandra K. Lummen, KCAD-FSU, Sandra A. Davison-Wilson, Oliver H. Evans, Kathy C. Jordan, and Mark D.

Bird, apparently all employees of Ferris State University (docket # 6), defendant North Central Association (docket # 11), defendant David VanderVelde (docket # 14), and defendants John Engler and James K. Haveman (docket # 19). Plaintiff has filed a response to the motions, which she failed to serve on any attorney of record.

Upon review of the pending motions, the court determines that all motions are meritorious and should be granted. First, plaintiff has failed to serve any defendant as required by Fed. R. Civ. P. 4(c). That rule requires that the summons be served together with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Plaintiff only served a summons and failed to serve a copy of the complaint on any defendant. All moving defendants are therefore entitled to dismissal without prejudice under Rule 12(b)(5). Second, the State of Michigan and its agencies are immune from suit in the federal courts by virtue of the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir.), *cert. denied*, 125 S. Ct. 157 (2004); *see also Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). The State of Michigan is therefore entitled to dismissal with prejudice on the grounds of immunity. Third, plaintiff has not alleged compliance with the statutory prerequisites to bringing a Title VII action. Plaintiff has not alleged that she filed an administrative complaint with the EEOC or Michigan Department of Civil Rights within the time allowed by statute or that she thereafter received a right-to-sue letter and brought her suit within the 90-day statutory period. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); *see also Nichols v. Muskingum College*, 318 F.3d 674, 677-78 (6th Cir. 2003). If plaintiff has indeed met these statutory requirements of Title VII, she must allege that fact in an amended complaint and attach a copy of the right-to-sue letter. Finally, plaintiff's complaint fails to state a claim upon which relief can be granted against any moving defendant.

All pending motions to dismiss will therefore be granted. The motion of the State of Michigan will be granted with prejudice; with regard to all other defendants, plaintiff will be granted a thirty-day period in which to file a first-amended complaint complying with the requirements of law.[1] Plaintiff's amended complaint must name as defendants only those persons or entities that plaintiff reasonably believes violated her federally guaranteed rights. Jennifer Dividock has standing only to represent herself in this matter, and not Ms. Heidi Maylee Swaney. Any complaint brought by Heidi Maylee Swaney must be signed by her, and Ms. Swaney must personally prosecute the case on her own behalf. See 28 U.S.C. § 1654; *see also Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action."); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). After filing the amended complaint, plaintiff must serve each defendant with a summons and a copy of the complaint in order for this court to acquire jurisdiction.

Date:   August 30, 2005             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This court directed the magistrate judge to conduct a status conference and to make plain to plaintiff the requirements of the Federal Rules of Civil Procedure with regard to filing and serving complaints. That conference took place on August 29, 2005. If plaintiff is unable to file a proper complaint in conformity with the rules, this entire matter may be dismissed without prejudice by subsequent order.