UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JENNIFER E. DIVIDOCK, et al., | ) |
| Plaintiffs, | ) Case No. 5:05-cv-74 |
| v. | ) Hon. Robert Holmes Bell |
| KCAD-FSU, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This is a civil action initially filed *pro se* on May 2, 2005, by Jennifer E. Dividock. Ms. Dividock's initial complaint named more than 100 defendants. On August 30, 2005, the court issued a memorandum opinion discussing a few of the complaint's fatal defects. (docket # 37). The court's accompanying order (docket # 38), granted the defendants' motions to dismiss. The order directed plaintiff to file an amended complaint within 30 days.[1] (docket #38). On September 28,

---

[1] On August 29, 2005, Magistrate Judge Joseph G. Scoville conducted a status conference. (Transcript attached as Exhibit 2 to docket # 43). During this conference, the magistrate judge attempted to, among other things, explain the basic requirements of Rule 8(a) of the Federal Rules of Civil Procedure. He advised plaintiff that she was responsible for investigating and litigating her own case, that there was a significant distinction between naming someone as a defendant and believing that an individual could offer testimony as a witness, and that as a *pro se* plaintiff Ms. Dividock was limited to representing her own interests, and could not represent Ms. Swaney or anyone else. The magistrate judge explained to Dividock the requirement that she file an amended complaint, obtain new summonses, and serve the first amended complaint and a valid summons on each named defendant. Magistrate Judge Scoville explained that simply listing statutes and attaching various papers to the amended complaint would not suffice. He explained that under Rule 10(b) of the Federal Rules of Civil Procedure the plaintiff is required to number each paragraph and limit the content as far as practicable to a single set of circumstances. Plaintiff's amended complaint generally disregards the magistrate judge's instructions.

2005, Ms. Dividock filed an amended complaint. (docket # 39). The name "Heidy Swaney" is printed on page 4 of the amended complaint and the notation "HMS-9-25-05" appears at the bottom of the page. Ms. Swaney is now a co-plaintiff, and as a co-plaintiff, Ms. Swaney will be bound by the court's orders and judgment.

The amended complaint superseded Dividock's original complaint and rendered the initial complaint a nullity. Thus, the only complaint properly before the court is the first amended complaint. *See Parks v. Federal Express Corp.*, 1 Fed. App'x 273, 277 (6th Cir. 2001); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 305 (6th Cir. 2000)(collecting cases); *Thompson v. Kramer*, No. 93-2290, 1994 WL 702927, at * 11 (E.D. Pa. Dec. 13, 1994) (collecting cases).

Plaintiffs' amended complaint lists eleven defendants:

1   Kendall College of Art & Design-FSU;
2   Dr. Oliver H. Evans, KCAD-FSU President;
3   Kathy Jordan, KCAD-FSU psychologist;
4   Sandra Davison-Wilson, KCAD-FSU Vice Chancellor;
5   Gary Williams;
6   Mark D. Bird, former KCAD-FSU undergraduate student;
7   Benjamin VanDyke, 1999 KCAD-FSU graduate;
8   Sandra Preuss, KCAD-FSU Administrations/Admissions
9   Barbara Bowman;
10  Dr. David Brubaker; and
11  City of Grand Rapids.

Although the names of other individuals appear elsewhere, only the eleven defendants named on the title of the amended complaint are defendants. *See* Fed. R. Civ. P. 10(a); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005); *Jones v. Parmley*, No. 5:98-CV-FJS/GHL, 2005 WL 928666, at * 1 (W.D.N.Y. Apr. 20, 2005); *Allison v. Utah County Corp.*, 223 F.R.D. 638, 639 (D. Utah 2004); *Savacool v. Fitzgerald Mercy Catholic Med. Ctr.*, Civ. A. No. 92-2142, 1992 WL 185611, at * 2 (E.D. Pa. July 21, 1992) (The fact that the original complaint mentioned other defendants "is of no

consequence" in the Rule 10(a) inquiry, and strict compliance with Rule 10(a) is necessary because "[p]utative defendants should not be required to speculate whether or not they are parties to a lawsuit.").

It is impossible for plaintiffs to have served the eleven named defendants with a copy of the first amended complaint and a valid summons. The docket sheet shows that summonses were issued on October 4, 2005, for only three of the eleven defendants: Barbara Bowman, Sandra Preuss, and Benjamin VanDyke.[2] No new summonses have been issued in this case since October 4, 2005. On October 31, 2005, all named defendants other than the City of Grand Rapids and Dr. David Brubaker filed a motion to dismiss. (docket # 43). Among the numerous grounds on which the moving defendants seek dismissal of the amended complaint is plaintiffs' failure to achieve proper service of process.[3] On October 31, 2005, the court issued an order directing plaintiffs to file a response to the motion to dismiss on or before November 28, 2005. (docket # 44).

The court will issue an order directing plaintiffs to show cause on or before November 28, 2005, why their claims against Dr. David Brubaker and the City of Grand Rapids should not be dismissed. The City of Grand Rapids and Dr. Brubaker have never been served. The

---

[2] Rule 4(b) of the Federal Rules of Civil Procedure provides that, on or after the filing of a complaint, the plaintiff may present a summons to the clerk for signature and seal. "If the summons is in proper form, the clerk shall sign, seal and issue it to the plaintiff for service on the defendant. A summons or copy of the summons if addressed to multiple defendants shall be issued for each defendant to be served." FED. R. CIV. P. 4(b).

[3] P*ro se* status does not excuse plaintiffs from the requirement of serving the named defendants with a live summons and a copy of the amended complaint in the manner specified by the Federal Rules of Civil Procedure. *See Warren v. Wallman*, 1993 WL 5956, at * 2 (10th Cir. Jan. 6, 1993): *Jamil v. United States*, No. 5:05-CV-258-RS, 2005 WL 2206686 (N.D. Cal. Sept. 12, 2005); *Shirira v. State Univ. of N.Y. at Buffalo*, No. 02-CV-323AF, 2005 WL 878569, at * 6 (W.D.N.Y. Apr. 15, 2005).

amended complaint alleges that plaintiffs "suspect[] that the City of Grand Rapids may condone and potentially profit through the university's schemes of fraudulence, domestic violence and terrorism (assault and retaliation)." The amended complaint states that Dr. Brubaker prescribed medication for Ms. Swaney at sometime during the 1990's. The allegations against the City of Grand Rapids are mere legal conclusions. A statement of disagreement with the psychotropic medications Dr. Brubaker prescribed for Ms. Swaney nearly a decade ago does not approach satisfying the requirements of a state-law malpractice claim. There is nothing suggesting that the parties are of diverse citizenship or that the case involves the requisite amount in controversy. 28 U.S.C. § 1332. There is no apparent basis for the exercise of federal question jurisdiction. 28 U.S.C. § 1331. Plaintiffs must file their responses to the show cause order on or before November 28, 2005, or face immediate dismissal of this lawsuit.

Documents that plaintiffs have recently attempted to file with the Clerk (example attached) compel the court to take immediate action to prevent further abuse of the court's process. Plaintiffs have been serving nonparties with summonses and complaints. The court issued summonses on May 9, 2005 in conjunction with Ms. Dividock's filing of her initial complaint. The summonses expired on September 6, 2005. *See* FED. R. CIV. P. 4(m). Recent submissions show that plaintiffs have been attempting to serve the expired summonses and the amended complaint on the following individuals and entities not named as defendants in the first amended complaint:

- Scott Crow
- Irma Bravin
- Dr. David VanderVelde
- Jeffrey Andrade
- Sandra K. Lummen
- Jan Vonk
- James K. Haveman

- Eleanor Baker
- Michael Cox
- Margaret Chiara
- Office of the Attorney General
- Tommy G. Thompson
- Michael F. Kruley
- United States Department of Justice, and
- John Engler.[4]

An order will immediately issue directing plaintiffs to cease and desist this abusive practice or face contempt of court, and/or significant monetary and other sanctions, including possible dismissal of this lawsuit with prejudice. *See Defoe v. Sprint/United Mgm't Co.*, No. CIV.A. 98-2366-JWL, 1999 WL 1532374, at * 5-6 (D. Kan. Mar. 9, 1999); *McGee v. Bowles*, No. Civ. A. 3:94-CV-0355, 1997 WL 189454 (N.D. Tex. Apr. 15, 1997).

## **Conclusion**

For the reasons set forth herein, an order will issue requiring plaintiffs to show cause on or before November 28, 2005, why the complaint should not be dismissed for lack of subject-matter jurisdiction, failure to achieve service, and failure to state a claim against defendants City of Grand Rapids and Dr. David Brubaker. The same order will direct plaintiffs to immediately cease

---

[4] Plaintiffs are expressly advised that they may not unilaterally amend their complaint to add these, or any other defendants. FED R. CIV. P. 15(a). Plaintiffs may not file a second amended complaint without first having filed a proper motion requesting the court's permission to file a second amended complaint, a supporting brief, and a copy of the proposed second amended complaint. A second amended complaint may be filed only if the court enters an order granting the motion. FED R. CIV. P. 15(a).

and desist the abusive practice of serving anyone other than the eleven named defendants with a summons and first amended complaint, or face contempt of court, and/or significant monetary and other sanctions, including possible dismissal of this lawsuit with prejudice.


Date:   November 9, 2005                    /s/ Robert Holmes Bell
                                                                    ROBERT HOLMES BELL
                                                                    CHIEF UNITED STATES DISTRICT  JUDGE