UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER E. DIVIDOCK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 5:05-cv-74 |
| | ) | |
| v. | ) | Hon. Robert Holmes Bell |
| | ) | |
| KCAD-FSU, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |

This is a civil action brought by two *pro se* plaintiffs: Jennifer Dividock and Heidi Swaney. The plaintiffs were students at Kendall College of Art and Design in the 1990's. The first amended complaint (docket # 39) names eleven defendants:

1. Kendall College of Art & Design-FSU;
2. Dr. Oliver H. Evans, KCAD-FSU President;
3. Kathy Jordan, KCAD-FSU psychologist;
4. Sandra Davison-Wilson, KCAD-FSU Vice Chancellor;
5. Gary Williams, KCAD-FSU VC instructor;
6. Mark D. Bird, former KCAD-FSU undergraduate student;
7. Benjamin VanDyke, 1999 KCAD-FSU graduate;
8. Sandra Preuss, KCAD-FSU Administrations/Admissions
9. Barbara Bowman;
10. Dr. David Brubaker, psychiatrist; and
11. City of Grand Rapids.

On October 31, 2005, the first nine defendants listed above filed a motion to dismiss. (docket # 42). The court issued an order the same day directing plaintiff to file her response to the motion to dismiss on or before November 28, 2005. (docket # 44). Plaintiffs elected not to file a response to defendants' motion. On November 9, 2005, the court issued an order directing plaintiffs to show

cause why plaintiff's claims against Psychiatrist Brubaker and the City of Grand Rapids should not be dismissed. (docket # 51). Plaintiffs ignored the court's show cause order. On November 11, 2005, non-party Michigan Department of Civil Rights filed a motion to dismiss. (docket # 53). For the reasons set forth herein, defendants' motion will be granted, and all plaintiffs' claims will be dismissed. The motion by the Michigan Department of Civil Rights will be dismissed as moot.

## **Applicable Standards**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004). The court must construe the complaint in the light most favorable to plaintiffs, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *See Flaim v. Medical College of Ohio*, 418 F.3d 629, 638 (6th Cir. 2005); *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003). While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005); *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *City of Monroe Employees Ret. Sys. v. Bridgestone, Inc.*, 399 F.3d 651, 665 (6th Cir.), *cert, denied*, 126 S. Ct. 423 (2005). Courts are not required to conjure up unpleaded allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, 116 F. App'x 557, 559 (6th Cir. 2004). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Mezibov*, 411 F.3d at 716; *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861

(6th Cir. 2003).  *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  However, even the lenient treatment generally given *pro se* pleadings has its limits.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "In practice, a '. . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory.'" *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Mezibov*, 411 F.3d at 716; *Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2005).

Plaintiffs elected to support their the complaint with exhibits.  Those exhibits have been considered in evaluating defendants' motion to dismiss, but have not converted the defendants' motion to dismiss into a motion for summary judgment.  *See* FED. R. CIV. P. 10(c); *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'") (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Never Tell Farm, LLC v. Airdrie Stud, Inc.*, 123 F. App'x 194, 197 (6th Cir. 2005).

**Facts**

Plaintiffs filed their first amended complaint on September 28, 2005.[1] (docket # 39). The pleading generally consists of legal conclusions and plaintiffs' assertions that others might have claims against defendants. For example, the offenses listed on the second page of the amended complaint include, but are not limited to, premeditated and attempted murder, identity theft, distributing controlled substances to minors, aggravated assault, health care and retirement benefits fraud, adverse and deceptive labor practices, and "enterprising terrorism and fraud in schemes as a racketeering-influenced corrupt organization." The excerpts from the amended complaint set forth verbatim below are representative:

> The Plaintiff believes that the institution simply poses as an accredited institution of higher education. The university's desire to acquire federal funds extends to affect federal educational loan agencies, state-funded research grants/projects and other health care or retirement benefit operations (ERISA). Their aim is to acquire additional subsidy. KCAD-FSU not only regularly practices general racketeering and extortion of education funds via means of electronic banking and identity theft, but also intended to scam insurance companies with false claims actions by reporting student social security numbers as those of "employees". Dividock believes her distinct knowledge indicates additional motive as to why KCAD-FSU administrators would retaliate directly against her, with premeditated intent to kill.
>
> * * *
>
> Dividock was forced to report her general observations to local police (GRPD), selected KCAD-FSU Board Members and North Central Association (NCA) of fraudulent or seditious abusive practices throughout 1998. The additive intent of the conspiracy, adverse labor/medical/health care practices and extortion have since been reported to federal and state agencies, i.e., the FTC, USDE-OCR, MDCR, all state agencies and Congressional legislators under the Engler administration, several relevant and influential legislators of the U.S. Congress, the President's administration and/or other thus far, have proven to be ineffective

---

[1] On August 30, 2005, the court issued an order dismissing the initial complaint, but plaintiffs with an opportunity to file an amended complaint. Before entering the order of dismissal, the court directed Magistrate Judge Joseph G. Scoville to conduct a status conference. During this status conference the magistrate judge alerted plaintiffs to numerous fatal deficiencies in the initial complaint that would necessarily have to be corrected in any amended complaint. (See Hearing Transcript, docket # 43, attachment).

> "authorities" to communicate such terrorism. Today, fraudulence and malicious hate crimes persist against students and employees of KCAD-FSU. The Plaintiff fears that administrators continue perfecting terrorism on unsuspecting targets.

(docket # 39 at 2, 3).

The amended complaint generally relates to events that allegedly occurred during a period from 1995 to 1998. Plaintiff Dividock expresses dissatisfaction with the care provided to her by psychologist Kathy Jordan. Ms. Dividock believes that "nearly a decade ago" (*Id.* at 22), FSU administrators committed various crimes, including the murder of a woman named "Joyce," and attempted to murder Dividock. Ms. Dividock describes her purpose in bringing this lawsuit as follows:

> This case is an effort to help the legal profession develop further insight into long term, dynamic assaults of criminal enterprise that not only plagues the KCAD-FSU institution, but the pervasive conditions that exist at all federal levels -- as well as statewide negligence -- that allows corporate institutions (like KCAD-FSU) to perfect false claims activity or, in some cases, even homicide. Systematic loopholes must be plugged to develop efficiency.

(*Id.* at 22). Elsewhere in the complaint Ms. Dividock expresses disagreement with grades she received for particular courses, credits earned towards graduation, and the adequacy of her professors and instructional materials. She asserts that in February 1998 she was subjected to sexual harassment by defendant Bird and that on November 3, 1998, Mr. Bird threatened to kill her. The complaint expresses disagreement with medications prescribed for Ms. Swaney by Psychologist Brubaker.

On February 1, 2000, Ms. Dividock contacted the Michigan Department of Civil Rights, claiming that she had been sexually harassed by Mr. Bird in February of 1998. A formal complaint was not filed because Dividock's complaint of alleged discrimination was patently untimely. (docket # 39, attachment). Dividock's signature appears under the statement, "I am aware

that a formal civil rights complaint has *not* been filed in relation to the matter described above and an explanation was given to me by the interviewer." (*Id.*). A November 17, 2003 letter from the Michigan Department of Civil Rights attached to the amended complaint states as follows:

> MDCR Contact #:     314827
> Responding Party:   Kendall College of Art and Design
>
> Date(s) of Alleged Incident(s) or Harm:     February 12, 1998
>
> Dear Ms. Dividock:
>
> You recently contacted the Michigan Department of Civil Rights (MDCR) alleging an act of unlawful discrimination. The issues you raised are as follows:
>
>> I am a woman, and I believe that I was sexually harassed by the respondent's professor.
>
> A formal civil rights complaint *has not been filed* about the concern described above. The department cannot take further action regarding your concern because:
>
>> Your concern occurred beyond our 180 day time limit. During our conversation, you stated your professor had sexually harassed you on February 12, 1998. The Michigan Department of Civil Rights investigates claims of discrimination 180 day(s) from the date(s) of the alleged harm. Therefore, your concern is being closed with our Department.

(docket # 39, attachment).

On September 15, 2005, Ms. Dividock sent a fax to the Michigan Department of Civil Rights, requesting a right-to-sue letter. The request was not connected to any formal complaint of discrimination filed by Dividock. (docket # 39, attachment). Ms. Dividock has never received any right-to-sue letter. Plaintiffs' amended complaint asks the court to "waive any time-limits applied to State and Federal statutes in order to hear this case in full." (docket # 39 at 4).

**Discussion**

Plaintiffs' complaint fails to state a claim upon which relief can be granted against any defendant. Discussion of three fatal defects will suffice for present purposes. First, each of the *pro se* plaintiffs may only represent themselves on their own claims. They may not act in a representative capacity. 28 U.S.C. § 1654 ; *see Cavanaugh ex rel. Cavanaugh*, 409 F.3d 753, 755 (6th Cir. 2005). Second, plaintiffs have no standing to institute criminal proceedings. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Third, plaintiffs have not alleged facts establishing any civil claim against defendants, or any claim that is not barred by the applicable statute of limitations. All plaintiffs' claims against defendants will therefore be dismissed with prejudice.

The motion to dismiss by the Michigan Department of Civil Rights will be dismissed as moot. The court's order of August 30, 2005 dismissed the Michigan Department of Civil Rights as a defendant. (docket # 38). The Michigan Department of Civil rights is not a named defendant in plaintiffs' first amended complaint. Eleventh Amendment immunity would necessarily render futile any post-judgment motion by plaintiffs to add this department of State government as a defendant.

**Conclusion**

For the reasons set forth herein, defendants' motion will be granted, all plaintiff's claims will be dismissed with prejudice, and the motion to dismiss by the Michigan Department of Civil Rights will be dismissed as moot.

Date:   December 6, 2005           /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE